IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-CR-00193-RMR-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    MICHAEL BROWNE,

    Defendant.

---

**ORDER OF DETENTION**

---

    THIS MATTER came before the Court for a detention hearing on October 5, 2022.

    The government is requesting detention in this case. The defendant contested detention. Both sides offered argument beyond the contents of the bail report. In making my findings of fact, I have taken judicial notice of the information set forth in the court docket of proceedings and the Pretrial Services Report.

    In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community. 18 U.S.C. § 3142(b). The former element must

be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

> (1)  The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2)  the weight of the evidence against the person;
>
> (3)  the history and characteristics of the person including–
>
>> (A)  the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B)  whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find the following:   The defendant

is charged with 18 U.S.C. § 1542 - Passport Fraud; 18 U.S.C. § 1028A(a)(1) - Aggravated identity theft; and 18 U.S.C. § 1028(a)(6) - Identity theft.

The defendant has is a felon and is not entitled to possess weapons.   When his residence was searched during a different criminal investigation, his true identity papers were found in a safe with wads of cash and two handguns.

The evidence is strong that the defendant forged a passport using someone else's identity and traveled abroad where he lived for several months under an assumed name.   The plan to obtain the false passport was an elaborate one, which involved obtaining a fake South Dakota driver's license.   The Defendant was arrested in Houston on his return to the United States.   He has no apparent present employment.   His ties to the Colorado community seem dubious, at best, and it is not clear where he would be residing, if anywhere.   Based on these facts, I conclude by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the presence of the defendant at trial.   Accordingly,

IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED:   October 5, 2022				BY THE COURT:

_____
N. Reid Neureiter
United States Magistrate Judge