IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00193-RMR

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.   MICHAEL BROWNE,
     *aka* "Devon Stuart Fish"

     Defendant.

## DEFENDANT'S UNOPPOSED[1]  MOTION FOR EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT

Defendant Michael Browne, through counsel, moves this Court, under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), to exclude, in order best to serve the "ends of justice", sixty (60) days from counting toward the deadline(s) under the Act, and thereby, to vacate the existing trial date and motions filing deadline.

<u>The Law</u>:   The Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial.   One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(8)(i).   An additional factor, set forth in 18 U.S.C. §

---

[1] Assistant United States Attorney Andrea Surratt has advised the undersigned that the Government does not oppose the relief requested by this Motion.

3161(h)(7)(8)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." United States v. Toombs, 574 F.3d 1262, 1269 (10th Cir. 2009).

Facts:   Mr. Browne is charged in the Indictment with three species of identity theft and passport fraud.   Mr. Browne faces up to five years in prison if convicted on Count 3 (identity theft) and up to ten years in prison on Count 1 (passport fraud); in addition, he faces a mandatory consecutive sentence of two years if convicted on Count 2 (aggravated identity theft).   Defendant was arraigned on these charges on 5 October 2022 and entered a not guilty plea to all three counts.

Request for Exclusion:   Discovery in this case so far consists of approximately 1100 pages, along with a roughly two hour video.   These materials do not constitute voluminous discovery by any means in a federal criminal case.   However, in the discovery that defense counsel just received at the end of last week is a court order granting the Government a warrant to search Mr. Browne's laptop and cellphone (which the Government seized from Mr. Brown when he was arrested in Houston in September).

The Government has not yet completed its search of these electronic devices, but the defense anticipates that there will be substantial data extracted from each device that the defense team will need to evaluate.   There likely will not be sufficient time for the defense to accomplish this prior to the currently scheduled trial date of 12

December 2022, and there certainly is not adequate time to review the not-yet-received discovery prior to the 14 November 2022 motions deadline.

Moreover, Mr. Browne is incarcerated pretrial at the Federal Detention Center in Englewood.   In order to have effective meetings with Mr. Browne, counsel needs to bring a laptop computer in to the facility so that counsel and client jointly can review discovery.   However, getting into FDC with a laptop computer is a laborious process that involves, *inter alia*, at least 48 hours' advance approval from the BOP.   Under these circumstances, counsel will not be able quickly go through the new discovery with Mr. Browne.

In addition, defense counsel's investigator needs to locate and to interview at least two witnesses whose testimony could be vital to Mr. Browne's defense.   So far, the investigator's efforts in this regard have not borne fruit.   The investigator needs additional time to find these people and to evaluate their evidence.   The defense team also is pursuing an additional lead that may result in the production of documentary evidence that might be used by the defense at trial, but thus far, this information has not been obtained.   Again, the defense team needs leeway to pursue this matter to its conclusion.

For all the reasons described, *supra*, therefore, Mr. Browne seeks an exclusion of 60 days from counting toward the deadline(s) under the Act.   Accordingly, he asks that the existing trial date of 12 December 2022 be vacated and reset to a date convenient on the Court's calendar in mid-February 2023 and, concomitantly, that the motions deadline be re-set.   Mr. Browne SO MOVES.

Dated this 11th day of November 2022.

                                                Respectfully submitted,

                                                <u>s/Thomas E. Goodreid</u>
                                                Thomas E. Goodreid
                                                Goodreid and Grant LLC
                                                7761 Shaffer Parkway, Suite 105
                                                Littleton, CO   802127
                                                (303) 296-2048
                                                *t.goodreid@comcast.net*
                                                Attorney for Defendant Michael Browne

**CERTIFICATE OF SERVICE**

      I certify that on this 11th day of November 2022, I electronically filed the foregoing **DEFENDANT'S UNOPPOSED MOTION FOR EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

      s/Thomas E. Goodreid
Thomas E. Goodreid
Goodreid and Grant LLC
7761 Shaffer Parkway, Suite 105
Littleton, CO   80127
(303) 296-2048
t.goodreid@comcast.net
Attorney for Defendant Michael Browne