IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Criminal Case No. 1:22-cr-00193-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL BROWNE,
*a/k/a* Devon Stuart Fish,

    Defendant.

## ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT

This matter is before the Court on Defendant's Unopposed Motion for Exclusion of Time Under the Speedy Trial Act. The Defendant asks this Court for an order excluding 60 days from the Speedy Trial Act and to vacate the existing trial date and motions filing deadline.

The Defendant's motion implicates the Speedy Trial Act of 1974, which is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). The Act requires that a defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later.

*See* 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(8).

The Speedy Trial Act provides, in pertinent part:

The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:

. . . .

(7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *United States v. Hill*, 197 F.3d at 441. First, the Court must consider the following factors listed in § 3161(h)(7)(B):

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within

> clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance will outweigh the best interests of the public and the defendant in a speedy trial." *United States v. Hill*, 197 F.3d at 441; 18 U.S.C. § 3161(h)(7)(A). Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *United States v. Hill*, 197 F.3d at 441 (quoting *United States v. Dorian*, 882 F.2d 1511, 1516 (10th Cir. 1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *United States v. Dorian*, 882 F.2d at 1516).

The Defendant's motion describes the various factors that he believes necessitate the exclusion of 60 days in this case, and the Court adopts and incorporates those facts here. In support of his motion, counsel for Defendant states that Mr. Browne is charged in the Indictment with three species of identity theft and passport fraud. Defendant faces up to five years in prison if convicted on Count 3 (identity theft) and up to ten years in prison on Count 1 (passport fraud); in addition, he faces a mandatory consecutive sentence of two years if convicted on Count 2 (aggravated identity theft). Defendant was

3

arraigned on these charges on October 5, 2022, and he entered a not guilty plea to all three counts.

Counsel for Defendant further states that discovery in this case so far consists of approximately 1100 pages, along with a roughly two-hour video.  In addition, counsel for Defendant states that these materials do not constitute voluminous discovery by any means in a federal criminal case; however, in the discovery that defense counsel recently received was a court order granting the Government a warrant to search Mr. Browne's laptop and cellphone (which the Government seized from Mr. Browne when he was arrested in Houston in September).  The Government has not yet completed its search of these electronic devices, but the defense anticipates that there will be substantial data extracted from each device that the defense team will need to evaluate.  There likely will not be sufficient time for the defense to accomplish this prior to the currently scheduled trial date of December 12, 2022, and there certainly was not adequate time to review the not-yet-received discovery prior to the November 14, 2022 motions deadline.

In addition, counsel for Defendant indicates that Mr. Browne is incarcerated pretrial at the Federal Detention Center in Englewood. In order to have effective meetings with Mr. Browne, defense counsel needs to bring a laptop computer into the facility so that he and Mr. Browne can jointly review discovery.  However, getting into FDC with a laptop computer is a laborious process that involves, inter alia, at least 48 hours' advance approval from the BOP. Under these circumstances, defense counsel will not be able to quickly go through the new discovery with Mr. Browne.

Further, counsel for Defendant states that his investigator needs to locate and to interview at least two witnesses whose testimony could be vital to his defense. So far, the investigator's efforts in this regard have not borne fruit. The investigator needs additional time to find these people and to evaluate their evidence. The defense team is also pursuing an additional lead that may result in the production of documentary evidence that might be used by the defense at trial, but thus far, this information has not been obtained.

Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 10 U.S.C. § 3161(c). The Court has considered the required factors under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the court FINDS that:

(1) Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. 3161(h)(7)(b)(i);

(2) Even considering due diligence, failure to grant the motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 1361(h)(7)(B)(iv); and

(3) Therefore, the ends of justice served by granting the motion outweigh the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**IT IS HEREBY ORDERED THAT**:

(1) Defendant's Motion, at ECF 23, is **GRANTED**;

(2) **The 70-day clock, exclusive of tolled time, shall accordingly be extended from December 14, 2022, to February 13, 2023**;

(3) The current trial date and all pretrial deadlines are hereby **VACATED.** The **four-day** jury trial is reset for **February 13, 2023**. The Trial Preparation Conference/Change of Plea Hearing is reset for **February 1, 2023 at 3:00 PM**;

(4) Defendant shall have to and including **January 3, 2023** to file pretrial motions, and responses to these motions shall be filed by **January 17, 2023**. **If no motions are filed by January 3, 2023, the Court will deem Defendant to have waived any such motions.** If counsel believe an evidentiary hearing on motions is necessary, they shall confer and email Chambers at Rodriguez_Chambers@cod.uscourts.gov by **January 19, 2023**.

DATED: November 18, 2023.

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge