IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 22-CR-193-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MICHAEL BROWNE,
    a/k/a "Devon Stuart Fish,"

    Defendant.

## PLEA AGREEMENT

The United States of America (the Government), by and through Andrea Surratt, Assistant United States Attorney for the District of Colorado, and the defendant, MICHAEL BROWNE, personally and by counsel, Thomas E. Goodreid, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

### I.   AGREEMENT

**A. Defendant's Plea of Guilty:**

The defendant agrees to

(1)     to waive indictment and plead guilty to an Information charging violations of 18 U.S.C. § 1542 (use of a passport secured by reason of a false statement), 18 U.S.C. § 1028(a)(6) & (b)(2)(A) (possession of a fraudulent identity document), and 18 U.S.C. § 922(g)(1) (felon in possession of a firearm);

(2)     waive certain appellate and collateral attack rights, as explained in detail below; and

COURT EXHIBIT 1

(3)   agree not to contest forfeiture as more fully described below.

**B. Government's Obligations:**

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(A). The Government agrees to move to dismiss Indictment 22-CR-193-RMR with prejudice, against this defendant only. Should the plea of guilty be vacated on the motion of the defendant, the Government may, in its sole discretion, move to reinstate any or all of the counts dismissed pursuant to this agreement and potentially file a superseding indictment. The Government also agrees to recommend a sentence within the Guidelines range, as calculated by the parties, of 30-37 months' imprisonment.

Provided the defendant does not engage in prohibited conduct or otherwise implicate U.S.S.G. §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the Government agrees that the defendant should receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and agrees to file a motion requesting that the defendant receive a one level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).

**C. Defendant's Waiver of Appeal:**

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the Government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1) the sentence exceeds the maximum sentence provided in the statutes of conviction, 18 U.S.C. § 1542, 18 U.S.C. § 1028(a)(6) & (b)(2)(A), and 18 U.S.C. § 922(g)(1);

(2) the sentence exceeds the top end of the advisory Guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of 18; or

(3) the Government appeals the sentence imposed.

If the first criterion applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. If one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2) the defendant was deprived of the effective assistance of counsel; or

(3) the defendant was prejudiced by prosecutorial misconduct.

The defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply, and the defendant may appeal the sentence imposed upon a revocation of

supervised release, even if that sentence falls below or within the Guideline range calculated by the court.

The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

### D. Forfeiture

The defendant admits the forfeiture allegations. The defendant further agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, whether in the possession or control of the United States, the defendant, the defendant's nominees, or elsewhere.  The assets to be forfeited specifically include, but are not limited to, a Smith and Wesson .357 handgun bearing serial number CML6995 and any documents seized from the defendant bearing the name "Devon Stuart Fish."  The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action.  The defendant understands that pursuant to 18 U.S.C. § 983, the seizing agency is required to send notice in non-judicial civil forfeiture matters.  Having been advised of said rights regarding notice, the defendant hereby knowingly and voluntarily waives his/her rights to notice being sent within the time frames in 18 U.S.C. § 983 and to having the property returned to him/her if notice is not

sent within the prescribed time frames.  The defendant further agrees to the forfeiture of any substitute assets up to the value of any property described above pursuant to 21 U.S.C. § 853(p) and Federal Rules of Criminal Procedure 32.2(e).

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

## II.    ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of the offenses of conviction are:

### Count One: 18 U.S.C. § 1542
### (use of a passport secured by reason of a false statement)

1. The defendant knowingly and willfully used or attempted to use any passport; and
2. The issuance of the passport was secured in any way by reason of any false statement

### Count Two: 18 U.S.C. § 1028(a)(6) & (b)(2)(A)
### (possession of a fraudulent identity document)

1. The defendant knowingly possessed an identification document or authentication feature;
2. Such document is or appears to be an identification document or authentication feature of the United States;
3. The document was produced without lawful authority; and
4. The defendant knew that such document or feature produced without such authority.

### Count Three: 18 U.S.C. § 922(g)(1)
### (felon in possession of a firearm)

1. The defendant knowingly possessed a firearm or ammunition;
2. The defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm or ammunition;
3. Before the defendant possessed the firearm or ammunition, he knew he was convicted of a felony; and

4. Before the defendant possessed a firearm or ammunition, the firearm or ammunition had moved at some time from one state to another or from a foreign country to the United States.

### III. STATUTORY MAXIMUM SENTENCE

The maximum sentence for a violation of Count One of the Information is: not more than 10 years' imprisonment; a maximum term of supervised release of 3 years; a maximum fine of $250,000, or both a fine and imprisonment; and a $100 mandatory victim's fund assessment fee.

The maximum sentence for a violation of Count Two of the Information is: not more than 5 years' imprisonment; a maximum term of supervised release of 3 years; a maximum fine of $250,000, or both a fine and imprisonment; and a $100 mandatory victim's fund assessment fee.

The maximum sentence for a violation of Count Three of the Information is: not more than 15 years' imprisonment; a maximum term of supervised release of 3 years; a maximum fine of $250,000, or both a fine and imprisonment; and a $100 mandatory victim's fund assessment fee.

### IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

### V. STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory Guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those

considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's Guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate that the following facts are true and correct:

Count Three

On February 24, 2022, law enforcement officers executed a search warrant at a property in Penrose, Colorado (the "Penrose Property"). During execution of this search warrant, officers encountered the defendant living in a trailer on the Penrose Property. In a safe in the defendant's bedroom, officers located a Smith and Wesson .357 handgun bearing serial number CML6995 (the "Firearm"). Also located in the safe were documents bearing the defendant's name, the defendant's birth certificate, the defendant's Colorado identification card, and the defendant's social security card. The defendant admits that he possessed the Firearm in the District of Colorado.

Prior to possessing the Firearm, the defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year. Further, prior to possessing the Firearm, the defendant knew that he had been previously convicted of a felony. Finally, before the defendant possessed the Firearm, the Firearm had moved at some time from one state to another.

Counts One and Two

On or about March 16, 2022, the defendant fraudulently obtained a South Dakota

driver's license in the name of "Devon Stuart Fish" (the "Fish South Dakota License"). In support of his application for this license, the defendant used a South Dakota P.O. Box as his address (the "South Dakota Address") and Fish's date of birth and social security number. The license, which was issued by the South Dakota Department of Public Safety, was issued in Fish's name, with Fish's date of birth, but with the defendant's photograph. Fish is a real person, and when the defendant used Fish's identity to obtain the documents described herein, the defendant was aware that Fish is a real person. The Government does not allege, however, that the defendant used Fish's identity without Fish's permission.

On or about March 17, 2022, in El Paso, Texas, the defendant applied for a U.S. passport in Fish's name (the "Fish Passport"). In the application, the defendant provided the name "Devon Stuart Fish" and Fish's date of birth and social security number, but his own photograph. In support of the application for this U.S. passport, the defendant provided authorities with the South Dakota Address, Fish's Colorado birth certificate, and the fraudulently-obtained Fish South Dakota License. As a result of the defendant's fraudulent application, he was issued the Fish Passport on March 17, 2022.

On or about March 19, 2022, knowing the passport was obtained by reason of a false statement, the defendant willfully used the Fish Passport to travel from the Denver International Airport to Munich, Germany. While in the District of Colorado, the defendant knowingly possessed the Fish Passport, which is an identification document that is an identification document of the United States. The Fish Passport was produced without lawful authority and the defendant knew it was produced without such authority.

## VI.   ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory Guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the Guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate.  The parties understand that the Government has an independent obligation to assist the Court in making an accurate determination of the correct guideline range.  The parties may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

Counts One and Two (Group 1)

        a)     Pursuant to U.S.S.G. § 3D1.1(a), Counts One and Two group.

        b)     Pursuant to U.S.S.G. § 2L2.2, the base offense level is 8.

        c)     Pursuant to U.S.S.G. § 2L2.2(b)(3)(A), four levels are added because the defendant fraudulently obtained a U.S. passport.

        d)     The adjusted offense level for Group 1 is therefore 12.

Count Three (Group 2)

        e)     Pursuant to U.S.S.G. § 3D1.1, Count Three constitutes a separate Group.

    f)      Pursuant to U.S.S.G. § 2K2.1(a)(4)(A), the base offense level Is 20, because the defendant committed the instant offense subsequent to sustaining one felony conviction of a crime of violence.

    g)      The adjusted offense level for Group 2 is therefore 20.

### Grouping

    h)      Pursuant to U.S.S.G. § 3D1.4, Group 2, the more serious Group, is assigned 1 Unit. Group 1 is assigned ½ Unit.

    i)      The combined offense level is therefore 21.

### Total Offense Level and Guidelines Calculation

    j)      Pursuant to U.S.S.G. § 3E1.1(a), two levels are deducted for acceptance of responsibility. Pursuant to U.S.S.G. § 3E1.1(b), the Government will move for an additional one level reduction.

    k)      The resulting total offense level is therefore 18.

    l)      The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions. The parties believe the defendant is in criminal history category II.

    m)      The career offender/criminal livelihood/armed career criminal adjustments do not apply.

    n)      The advisory Guideline range resulting from these calculations is 30-37 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from 27 months (bottom of Category I) to 71 months (top of Category VI). The Guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

    o)      Pursuant to U.S.S.G. § 5E1.2, assuming the estimated offense level above is correct, the fine range for this offense would be $10,000 to $100,000, plus applicable interest and penalties.

    p)      Pursuant to U.S.S.G. § 5D1.2, if the Court imposes a term of supervised release, that term shall be at least one year but not more than three years.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory Guidelines (in length or form), within the advisory Guideline range, or above the advisory Guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII. ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the Government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: 1-24-23

MICHAEL BROWNE
Defendant

Date: 1-24-23

Thomas E. Goodreid
Attorney for Defendant

Date: 01/24/2023

Andrea Surratt
Assistant U.S. Attorney