IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00193-RMR

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.  MICHAEL BROWNE,
    *aka* "Devon Stuart Fish"

    Defendant.

## DEFENDANT'S OBJECTIONS TO THE
## PRESENTENCE INVESTIGATION REPORT

Defendant Michael Browne, through counsel, states the following objections to the PSIR.

1.  p.2[1], Identifying Data "**Education**:   Graduate Equivalency (verified)"

Objection:   Mr. Browne has an associate's degree in automotive technology.

2.  p.7, ¶¶45-46:   Assessment of two criminal history points

Objection:   The PSIR assesses Mr. Browne one criminal history point for his misdemeanor theft conviction in Pueblo County Court Case No. 2013CR1568 and one criminal history point for his conviction in Pueblo County District Court Case No. 2013CR1602 for leaving the scene of an accident.   Mr. Browne objects, asserting that only one criminal history point should be assessed for the combination of these two cases.

---

[1] The page numbers stated in this document correspond to those of the PSIR itself (on the bottom of the document), as opposed to the page numbers date stamped by the Clerk's Office on the filed PSIR (at the top of the document).

§ 4A1.1(c) of the Sentencing Guidelines states that in determining a defendant's criminal history category, one should "[a]dd 1 point *for each prior sentence* not counted in (a) [relating to each prior sentence of imprisonment exceeding one year and one month] or (b) [relating to each prior of sentence of imprisonment of at least sixty days and not counted in (a)], up to a total of 4 points for this subsection." (emphasis added).   Neither the theft conviction nor the leaving the scene of the accident conviction entailed a sentence of imprisonment so section (c) is the operative one for Mr. Browne.   He must be assessed either 1 or 2 points for these offenses, depending on whether each conviction constitutes a separate "prior sentence" or whether the two collectively are a single "prior sentence".

A two-part analysis comes into play in order to make that determination.   To begin with, § 4A1.2(a)(2) of the Guidelines states, in relevant part, that:

> [i]f the defendant has multiple prior sentences, determine whether those sentences are counted separately or treated as a single sentence.   Prior sentences are always counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense).

Mr. Browne recalls quite specifically having been arrested only once, on both Pueblo cases.   Mr. Browne's recollection is supported by the attached Colorado Courts record (Exhibit A hereto).   Page 2 of Exhibit A, as highlighted, states that Mr. Browne was arrested on the theft case on 30 September 2013 and, page 8 of Exhibit A shows

2

that Mr. Browne also was arrested on 30 September 2013 on the leaving the scene of the accident case. Therefore, there was no intervening arrest between the two cases.

As such, the second component of the two-part "prior sentence" analysis comes into play. § 4A1.2(a)(2) of the Guidelines additionally provides, in relevant part, that:

> [i]f there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Treat any prior sentences covered by (A) or (B) as a single sentence.

"(A)" does not apply because the theft case and the leaving the scene case were charged separately. However, "(B)" does apply. The PSIR indicates that Mr. Browne was sentenced in the leaving the scene case on 14 March 2023 and in the theft case on 22 March 2013. The latter date, however, appears to be erroneous.

Mr. Browne is certain that he was sentenced in both cases on the same date, at the same time, and by the same judge. Again, the attached Colorado Courts records supports Mr. Browne's memory. Exhibit A indicates, at page 3, that Mr. Browne was sentenced at 1:45 p.m. on 14 March 2014 in Courtroom G by Judge Larry Schwartz on the theft charge. Similarly, Exhibit A, at page 11, shows that Mr. Browne was sentenced at 1:45 p.m. on 14 March 2014 in Courtroom G by Judge Larry Schwarz on the leaving the scene charge.

Therefore, under Guidelines § 4A1.2(a)(2), these two cases out of Pueblo should count as a single prior sentence, and Mr. Browne should receive just one criminal history point instead of two. This is significant because, as discussed, *infra.*, this

3

reduces his Criminal History Category from a Level III to a Level II because he has a total of three criminal history points rather than four. That in turn lowers his applicable Guidelines sentencing range.

3. p.12, ¶ 69:  "The defendant described his physical health as 'great;' however, he suffers from high blood pressure."

Objection:  Mr. Browne formerly suffered from high blood pressure; happily, he no longer does.

4. p. 12, ¶ 69:  "The defendant indicated he is legally blind due to astigmatisms."

Objection:  Mr. Browne previously was legally blind, but, as the PSIR goes on to point out, he subsequently had Lasik surgery, which had the salutary effect of correcting his vision.

5. p. 13, ¶ 76:  "The defendant experimented with heroin when he was 14;"

Objection:  Mr. Browne acknowledges the other illegal drug use in the "Substance Abuse" paragraph but advises that he never tried heroin.

6. p. 14, ¶ 80:  "For six months in 2021, the defendant worked at Player One Arcade in Denver."

Objection:  The Player One Arcade where Mr. Browne worked was located in Pueblo, not Denver.

7. p. R-1, Sentencing Recommendation:  "TOTAL OFFENSE LEVEL 18, CRIMINAL HISTORY CATEGORY III"

Objection:  As outlined in paragraph 4, *supra*., Defendant contends that he should be assessed three criminal history points rather than four, which would place him

in Criminal History Category II, instead of Criminal History Category III.   As such, his advisory Guidelines range would be 30 to 37 months rather than 33 to 41 months.

Dated this 3rd day of April 2023.

Respectfully submitted,

s/Thomas E. Goodreid
Thomas E. Goodreid
Goodreid and Grant LLC
7761 Shaffer Parkway, Suite 105
Littleton, CO   802127
(303) 296-2048
*t.goodreid@comcast.net*
Attorney for Defendant Michael Browne

**CERTIFICATE OF SERVICE**

      I certify that on this 3rd day of April 2023, I electronically filed the foregoing **DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

      s/Thomas E. Goodreid
Thomas E. Goodreid
Goodreid and Grant LLC
7761 Shaffer Parkway, Suite 105
Littleton, CO   80127
(303) 296-2048
t.goodreid@comcast.net
Attorney for Defendant Michael Browne